```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

RUFUS HOWELL,                    :
     Petitioner,                 :
                                 :
v.                               :    Civil no. 3:07CV1027(AVC)
                                 :    Crim. no. 3:04CR308(AVC)
UNITED STATES OF AMERICA,        :
     Respondent.                 :


## RULING ON HABEAS CORPUS PETITION
## PURSUANT TO 28 U.S.C. § 2255

This is a petition to vacate, set aside or correct a sentence brought pursuant to 28 U.S.C. §2255.[1] The <u>pro se</u> petitioner, Rufus Howell, challenges the denial of credit for time spent in federal custody prior to his sentencing.

The issues presented are: 1) whether the government satisfied its obligations to disclose exculpatory evidence; 2) whether the petitioner's protection against double jeopardy has been violated; and 3) whether the petitioner is entitled to credit against his federal sentence for time in federal custody following his arrest, but prior to sentencing.

For the reasons hereinafter set forth, the court concludes that: 1) the government satisfied its obligations with respect

---

[1] 28 U.S.C. § 2255 provides, in part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

to exculpatory evidence; 2) Howell's protection against double jeopardy has not been violated; and 3) the court lacks the authority to grant the requested credit against Howell's federal sentence. Accordingly, Howell's § 2255 petition (document no. 1) is hereby DENIED.

**FACTS**

On October 14, 2004, Howell and others were indicted on charges of conspiring to possess with the intent to distribute, and to distribute, cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. On August 18, 2005, Howell pleaded guilty to a Substitute Information charging him with use of a communications facility to facilitate the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On November 3, 2005, the court sentenced Howell to the statutory maximum of 48 months incarceration, consistent with the guidelines range stipulated in his plea agreement.

Prior to sentencing, Howell submitted a sentencing memorandum. It argued, among other things, that: 1) Howell was in the primary custody of the federal government from the time of his arrest in the instant case, on November 29, 2004, until the time of his sentencing; 2) Howell should receive a sentence concurrent to his state sentences rather than consecutive to them; and 3) Howell should receive credit towards his federal sentence for his time in federal custody prior to sentencing.

Howell's sentencing memorandum also stated that "[o]n August 9, 2005, the U.S. Marshall's Office transferred Mr. Howell to Donald Wyatt Detention Center in Rhode Island, where he has been incarcerated ever since."

The government submitted a sentencing memorandum that: 1) agreed that Howell had been in federal custody from the time of his November 29, 2004, arrest;[2] 2) argued against a concurrent sentence and in favor of a consecutive sentence; and 3) argued against credit for Howell's time in federal custody prior to sentencing because, pursuant to 18 U.S.C. 8535(b), he was entitled to credit only for time that has not been credited against another sentence, and Howell had been credited for his time in federal custody against his state sentences.

On November 3, 2005, having considered the arguments of Howell and the government, the court sentenced Howell to 48 months incarceration and ordered that it be served consecutive to any other term of imprisonment Howell was then serving. The court denied Howell's request for credit towards his federal sentence for his time in federal custody prior to sentencing.

**STANDARD**

Section 2255 of the United States Code, title 28, provides a prisoner in federal custody with the ability to move the court

---

[2] The government's sentencing memorandum states that "[i]t is undisputed that the defendant has been in federal custody since his arrest in this case on November 29, 2004."

3

which imposed his sentence to vacate, set aside, or correct his sentence if it was in violation of the United States Constitution or federal law.  See United States v. Morgan, 346 U.S. 502 (1954).  The Court of Appeals for the Second Circuit has held that a prisoner may collaterally attack a final criminal conviction by way of a section 2255 petition "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996)(quoting United States v. Bokum, 73 F.3d 8, 12 (2d Cir. 1995)).

A petitioner who seeks to challenge a criminal conviction collaterally through a section 2255 petition "must overcome the threshold hurdle that the challenged judgment carries with it a presumption of regularity."  Williams v. United States, 481 F.2d 339, 346 (2d Cir. 1973), cert denied, 414 U.S. 1010 (1973).  The petitioner has the burden of showing that he is entitled to relief.  Id. at 346.  "[T]he scope of review on a § 2255 motion should be 'narrowly limited' in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996).

When a petitioner proceeds pro se in bringing a section 2255

petition, the court must liberally construe his petition. <u>Billy-Eko v. United States</u>, 8 F.3d 111, 117 (2d Cir. 1993)(acknowledging a "judicial interest in interpreting <u>pro se</u> pleadings liberally and in the interests of fairness to <u>pro se</u> litigants").

**DISCUSSION**

Howell's § 2255 motion does not argue for a sentence reduction. Indeed, Howell specifically states: "I'm not appealing my 48 months [sentence], nor am I asking for lesser time." Instead, the motion argues first that he should have been sentenced concurrently to his state-imposed sentences, and second that he should "be credited for time I already spent in jail . . . under 18 [U.S.C.] 3585."

Howell's submissions state the general argument that he has not been given proper credit for the time he spent in federal custody prior to his sentencing. However, Howell's motion also states two specific grounds for relief: 1) "conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant"; and 2) "conviction obtained by a violation of the protection against double jeopardy." Howell's arguments rest on his contention that from the time he was taken into federal custody, on November 29, 2004, until the time of his sentencing on November 3, 2005, he was in the "primary jurisdiction" and custody of the federal

5

government, and that therefore this time in federal custody should be credited towards his 48 month federal sentence.

I.  **Failure of the Prosecution to Disclose Evidence**

Howell first argues that his conviction was "obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant." Specifically, Howell argues that "the paperwork was erroneous and the court relie[d] on that basis to sentence me consecutive instead of concurrent," and that, in particular, "the prosecutor left out facts as to [where] I was housed which was Donald W. Wyatt in Rhode Island a federal holding jail." Howell further argues that "I can't be serving Connecticut time in a Rhode Island jail."

The government does not dispute that Howell was in federal custody awaiting trial and sentencing from November 29, 2004. The government does not directly respond to the allegations of erroneous paperwork or of having "left out facts" regarding where Howell was housed prior to sentencing. Rather, the government argues that since Howell received credit towards various state sentences for his time spent in federal custody from November 29, 2004, until the time of his federal sentencing hearing, he is not entitled to also receive federal credit for this time.

"[S]uppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment." Manko v. United

6

States, 87 F.3d 50, 55 (2d Cir. 1996) (quoting Brady v. Maryland, 373 U.S. 83, 87 (1963)). Suppression of such evidence by the prosecution is "constitutional error if there is a 'reasonable probability' that, had [it] been disclosed to the defense, the result of the proceedings would have been different." Manko v. United States, 87 F.3d 50, 55 (2d Cir. 1996).

The court concludes that Howell has failed to show a "failure of the prosecution to disclose to the defendant evidence favorable to the defendant." The government's sentencing memorandum clearly states that "[i]t is undisputed that the defendant has been in federal custody since his arrest in this case on November 29, 2004." Howell's sentencing memorandum states that "[o]n August 9, 2005, the U.S. Marshall's Office transferred Mr. Howell to Donald Wyatt Detention Center in Rhode Island, where he has been incarcerated ever since." From this, the court concludes that the prosecution did not fail to disclose "where [Howell] was housed which was . . . Wyatt in Rhode Island," that in any case Howell was aware of this fact, and that the court was also aware of this fact at the time of sentencing. Therefore, the motion for relief on these grounds is DENIED.

**II.  Violation of the Protection Against Double Jeopardy**

Howell next argues that he was "arrested twice on the same charge, once in July of [2004] which was state, and the second time Nov. 29, [2004] which was federal," and that since he was "already punish[ed]" for violating his state parole based on the July arrest, that he could not be, and was not, punished for

7

violating his state parole based on the November arrest.  As
such, he could not have received credit against a state sentence
allegedly served as a result of the parole violation based on the
August arrest.  He argues that "the main reason for me not
getting credit for my federal charge was due to the fact I was
supposedly violated for my federal charge, which is not true."
He argues that, therefore, he should receive federal credit
against the instant 48 month federal sentence.

The government does not directly respond to the "double
jeopardy" claim.  Rather, the government argues that "[u]pon the
petitioner's federal arrest [in November 2004], the state
authorities revoked the defendant's parole . . . [and] as a
result of the parole violation, the state of Connecticut's
Department of Corrections credited the time that the defendant
has spent in federal custody toward the incarceration time owed
on the various state convictions."

The protection against double jeopardy "provides three
fundamental protections:  It protects against a second
prosecution for the same offense after acquittal.  It protects
against a second prosecution for the same offense after
conviction.  And it protects against multiple punishment for the
same offense."  United States v. LoRusso, 695 F.2d 45, 53 (2d
Cir. 1982) (quoting United States v. Wilson, 420 U.S. 332, 343
(1975)).

8

The court concludes that Howell has failed to state a cognizable double jeopardy claim. Howell does not suggest that he has been subjected to a second prosecution for the same offense. Thus, any double jeopardy claim must rest on the grounds of multiple punishment for the same offense. However, Howell explicitly is not challenging the punishment imposed by the court, i.e., his 48 month sentence. Rather, the arguments he makes in connection with this asserted ground for relief amount to a request for credit toward that sentence for time spent in federal custody prior to his sentencing.

The motion for relief on the grounds of a violation of the protection against double jeopardy is therefore DENIED. However, construing the pro se petitioner's motion liberally, the court will address Howell's request for credit toward his federal sentence as well.

**III. Request for Credit for Time in Federal Custody**

Howell next argues that he should receive credit for his time spent in federal custody prior to sentencing. Specifically, he argues that "at no time following [his] arrest by federal authorities was [he] released from federal custody." Further, Howell argues that, contrary to the assertion of the prosecution, his state parole was not deemed violated until December 21, 2005, after his federal sentence had been imposed. He argues, therefore, that he could not have been credited for time against any state offenses arising from his parole violation, since it was not deemed violated until after his federal sentencing.

9

The government argues, as it did at Howell's sentencing, that "[u]pon the petitioner's federal arrest [in November 2004], the state authorities revoked the defendant's parole . . . [and] as a result of the parole violation, the state of Connecticut's Department of Corrections credited the time that the defendant has spent in federal custody toward the incarceration time owed on the various state convictions." The government further argues that "the issue is not which jurisdiction has primary custody over a defendant, but whether a defendant is receiving credit toward another sentence for time served in prison. . . . [E]very day that the defendant spent in custody during this time period was credited toward the time he owed on unrelated convictions in the State of Connecticut."

The government also argues that Howell's sentencing claim is "procedurally barred" because Howell made this argument at the original sentencing, the court ruled against Howell on the issue, and Howell "has not shown cause" for failing to "raise the claim at all before the Second Circuit on direct appeal."

Finally, the government argues that "the ultimate decision as to what credit an inmate should receive on a federal sentence is within the discretion of the Bureau of Prisons," and "it is the Attorney General, through the Bureau of Prisons, [not the district court,] who possesses the sole authority to make credit determinations."

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Further, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Moreover, the authority to determine when a sentence is deemed to have commenced, and to determine "the credit to be granted a defendant under § 3585(b) for time during which he was held in federal custody prior to sentencing," rests with the Bureau of Prisons, not the sentencing court. United States v. Luna-Reynoso, 258 F.3d 111, 117 (2d Cir. 2001) ("Section 3585(b) does not authorize a district court to compute the credit at sentencing." (quoting United States v. Wilson, 503 U.S. 329, 334 (1992))); see also United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997) (characterizing a district court's order to credit a defendant's sentence with time spent in a state prison as a non-binding recommendation). A defendant may, after exhausting administrative remedies, obtain judicial review of the determination made by the Bureau of Prisons. United States v.

11

Galicia-Delgado, 130 F.3d 518, 522 (2d Cir. 1997) (citing and quoting United State v. Keller, 58 F.3d 884, 894 (2d Cir. 1995)).

The court concludes that it lacks the authority to grant the requested credit for time in federal custody prior to sentencing. As noted above, the determination of such credit falls within the authority of the Bureau of Prisons, not the sentencing court. United States v. Luna-Reynoso, 258 F.3d 111, 117 (2d Cir. 2001). Although a defendant may obtain judicial review of the determination of credit made by the Bureau of Prisons, in this case, Howell has failed to either allege or demonstrate that he has exhausted his administrative remedies with respect to this issue. Rather, Howell's arguments are largely a repetition of those made at the sentencing hearing, at which the court denied his request for credit. For the reasons stated above, Howell's request for credit towards his 48 month federal sentence for the time he spent in federal custody from the time of his arrest on November 29, 2004, to the time of his sentencing on November 3, 2005, is DENIED.

**CONCLUSION**

For the reasons stated above, Howell's motion, pursuant to 28 U.S.C. § 2255, (**document no. 1**) is DENIED.

It is so ordered this 30th day of November, 2007, at Hartford, Connecticut.

```
       /s/
```
Alfred V. Covello,
United States District Judge